**Nurul ALAM, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 03–40942–ag.

United States Court of Appeals, Second Circuit.

Oct. 19, 2006.

Jorge Guttlein, Aranda & Guttlein, New York, New York, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Monica J. Richards, Assistant United States Attorney, Buffalo, New York, David Heraty, Law Student Intern, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Nurul Alam, native and citizen of Bangladesh, seeks review of an October 22, 2003 order of the BIA denying his motion to reopen the BIA's March 11, 2003 affirmance of the August 23, 1999 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying Alam's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Nurul Alam,* No. A 73 543 677 (B.I.A. Oct. 22, 2003); *In re Nurul Alam,* No. A 73 543 677 (B.I.A. Mar. 11, 2003), *aff'g* No. A 73 543 677 (Immig. Ct. N.Y. City Aug. 23, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case, and note that only the denial of the motion to reopen is under review because that is the only decision from which Alam filed a timely petition for review. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See id.* at 233; *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (internal quotation marks omitted).

As it is undisputed that the motion has exceeded the 90–day limit, the issue is whether equitable tolling applies to allow Alam to file one day late. The BIA did not abuse its discretion in denying Alam's motion because he offers no reason for why his motion was untimely. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 157 (2d Cir. 2006) (holding that the BIA did not err in denying a motion to reopen as untimely where the "motion to reopen offered no explanation whatsoever, much less one the

BIA was bound to accept, for its late filing"). Therefore, the BIA did not exceed its discretion in finding the motion time barred.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.